UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSSELL KEVIN WRIGHT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-CV-0228-CVE-TLW |
| KYLE WRIGHT and REX HARPER, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court are plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2) and plaintiff's motion for appointment of counsel (Dkt. # 3). Plaintiff, appearing pro se, has filed a complaint (Dkt. # 1) under 42 U.S.C. § 1983, alleging violation of his constitutional rights.

Plaintiff's complaint consists mainly of a one page handwritten narrative, which is largely incoherent and provides very little information as to the dates on which events occurred. Plaintiff alleges that defendants are liable for "harassment, false accusations, [lying] on police report, [lying] about stalking and domestic violance [sic], [and] false statement." Dkt. # 1 at 1. The allegations in the complaint appear to stem from an ongoing dispute between plaintiff and defendant Harper. Plaintiff alleges that six years ago, Harper stole $250 from plaintiff. Plaintiff alleges that, since then, Harper laughs and makes "facial gestures" toward plaintiff. At some point, plaintiff told Harper that he owed him $250 and needed to leave plaintiff alone. On another occasion, plaintiff saw Harper while he was driving and Harper ran to the police station. Harper accused plaintiff of stalking him. Plaintiff states that he did once give Harper "the bird" and called him a chump. Plaintiff alleges that,

at some point in time, Officer Wright pulled plaintiff over in front of Harper's home. Apparently, Officer Wright arrested plaintiff as a result of this incident, although plaintiff does not explicitly state that he was arrested. Plaintiff merely states that Officer Wright lied in his police report and "caused me a felony warrant." Plaintiff further states that his state court criminal case is still ongoing.

The Court has a duty to examine a complaint for subject matter jurisdiction. The Federal Rules of Civil Procedure state in pertinent part that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Plaintiff does not state the statutory basis pursuant to which he asserts this Court has jurisdiction to hear this case. However, plaintiff has designated his case as a § 1983 civil rights case. Thus, it would seem jurisdiction is asserted under 28 U.S.C. § 1331. The Court finds that such jurisdiction is lacking.

Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Collins v. County of Johnson, Kan., No. 01-2227-JWL, 2001 WL 950259, at *1 (D. Kan. July 12, 2001) (quoting Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).

Section 1983 provides a cause of action against state actors for violation of a plaintiff's Constitutional rights. Becker v. Kroll, 494 F.3d 904, 913 (10th Cir. 2007). To succeed on a claim under § 1983, a plaintiff must prove two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). Defendant Harper is a private citizen and plaintiff has not alleged any theory under which Harper could be found to have acted under color of state law. Plaintiff has failed to allege a legal basis on which he can proceed against Harper under § 1983. See Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000) ("[A] § 1983 claim . . . based on the conduct of a private individual" is appropriate only if that conduct "is fairly attributable to the state.") (internal quotation omitted). Thus, plaintiff's § 1983 claim against Harper must fail and this Court has no jurisdiction over plaintiff's claims against Harper. See Hynoski v. Harmoston, 409 Fed. Appx. 231, 233 (10th Cir. 2011) (unpublished)[1] (affirming district court's dismissal of pro se plaintiff's § 1983 claim against private individual).

Plaintiff also fails to allege sufficient facts to show that his claim against Officer Wright arises under federal law. Plaintiff has failed to identify a protected constitutional right that was violated by Officer Wright. Thus, plaintiff has failed to show that his claim arises under federal law and it must be dismissed for lack of subject matter jurisdiction. See Ross v. Pittinger, No. 06-CV-0018-CVE-SAJ, 2006 WL 327551, at *1 (N.D. Okla. Jan. 18, 2006) (dismissing § 1983 claim sua sponte for lack of subject matter jurisdiction where no constitutional violation alleged).

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

The Court has determined, sua sponte, that dismissal of plaintiff's claims against defendants is warranted for lack of subject mater jurisdiction. Plaintiff is given leave to amend the complaint, on or before May 9, 2012, to set forth facts sufficient to establish federal jurisdiction.

As to the motion to proceed in forma pauperis, plaintiff's affidavit reveals that plaintiff receives a monthly income of $3,410 and has monthly expenses of $1,530. See Dkt. # 2. Because plaintiff's monthly income appears to substantially exceed his expenses, plaintiff should be able to pay the filing fees in this action.

As to the motion to appoint counsel, although a criminal defendant is guaranteed assistance of counsel in proceedings against him, it is well-established that the right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment. MacCuish v. United States, 844 F.2d 733, 735 (10th Cir. 1988); see also Caruth Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (collecting cases so holding). The Court may appoint counsel to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). In deciding a party's motion for appointment of counsel, the Court considers (1) the merits of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present her claims; and (4) the complexity of the legal issues raised by the claims. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). Having considered these factors and having carefully reviewed plaintiff's complaint, the Court denies plaintiff's motion to appoint counsel.

**IT IS THEREFORE ORDERED** that the complaint is hereby **dismissed without prejudice**. Plaintiff may file an amended complaint on or before **May 9, 2012.**

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2) and plaintiff's motion for appointment of counsel (Dkt.

# 3) are **denied**. Plaintiff is directed to pay the $350 filing fee immediately. Failure to pay the fee may result in dismissal of this action.

  **DATED** this 25th day of April, 2012.

                */s/ Claire V. Eagan*
                CLAIRE V. EAGAN
                UNITED STATES DISTRICT JUDGE